UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| ANDRÉ SMITH, SR., | NO. CIV. 2:02-1319 WBS DAD |
|     Plaintiff, | |
|     v. | ORDER RE: COSTS |
| NIKE SHOE COMPANY, | |
|     Defendant. | |
| _____/ | |

----oo0oo----

On August 22, 2002, the court adopted the findings and recommendations of the Magistrate Judge (Docket No. 7), and final judgment was entered dismissing the Complaint without prejudice, (Docket No. 8). Plaintiff has submitted a cost bill totaling $30,000. (Docket No. 10.)

Rule 54(d)(1) of the Federal Rules of Civil Procedure and Local Rule 292 govern the taxation of costs to losing parties, which are generally subject to limits set under 28 U.S.C. § 1920. See 28 U.S.C. § 1920 (enumerating taxable costs); Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules,

1

or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party."); E.D. Cal. Local R. 292(f); <u>Crawford Fitting Co. v. J.T. Gibbons, Inc.</u>, 482 U.S. 437, 441 (1987) (limiting taxable costs to those enumerated in § 1920).

The court exercises its discretion in determining whether to allow certain costs. <u>See</u> <u>Amarel v. Connell</u>, 102 F.3d 1494, 1523 (9th Cir. 1997) (holding that the district court has discretion to determine what constitutes a taxable cost within the meaning of § 1920); <u>Alflex Corp. v. Underwriters Labs., Inc.</u>, 914 F.2d 175, 177 (9th Cir. 1990) (same).  The losing party has the burden of overcoming the presumption in favor of awarding costs to the prevailing party.  <u>See</u> <u>Russian River Watershed Prot. Comm. v. City of Santa Rosa</u>, 142 F.3d 1136, 1144 (9th Cir. 1998) (noting that the presumption "may only be overcome by pointing to some impropriety on the part of the prevailing party"); <u>Amarel</u>, 102 F.3d at 1523; <u>see also</u> E.D. Local R. 54-292(d) ("If no objection is filed, the Clerk shall proceed to tax and enter costs.").

Plaintiff's Bill of Costs was untimely submitted. Final judgment was entered on August 22, 2002, and the bill of costs was not filed until November 23, 2011.  Local Rule 292 provides that the cost bill is to be submitted within fourteen days of judgment, which in this case would have been September 5, 2002.  The plaintiff's bill of costs was thus filed more than nine years too late.  Accordingly, plaintiff's bill of costs is rejected and costs will not be allowed.

IT IS THEREFORE ORDERED that plaintiff's bill of costs

2

1 | be, and the same hereby is, DENIED.
2 | DATED: November 29, 2011

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE